**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**JUAN GUADALUPE SAENZ**                                                        **PETITIONER**
**Reg # 16701-179**

**VS.**                          **CASE NO.: 2:14CV00053 BD**

**C.V. RIVERA, Warden,**
**Federal Correctional Complex,**
**Forrest City, Arkansas**                                                    **RESPONDENT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

**I.      Introduction and Background**

In January 2007, a jury in the United States District Court for the Southern District of Texas found Petitioner Juan Guadalupe Saenz guilty of conspiracy to possess, with intent to distribute, more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A).  (#8-1, #8-2)  The Honorable Ricardo H. Hinojosa sentenced Mr. Saenz to 240 months in the Bureau of Prisons ("BOP") and 10 years of supervised release.  (*Id.*)  Mr. Saenz appealed, but the Fifth Circuit affirmed the conviction and sentence.  *United States v. Saenz*, No. 07-40344, 286 F. App'x 166, 168 (5th Cir. 2008).

Mr. Saenz filed a pro se motion with the trial court under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence.  In the motion, Mr. Saenz claimed ineffective assistance of trial counsel, a violation of his right to a speedy trial, and improper enhancement of his sentence based on a prior conviction.  (#8-2 at p. 2)  The

1

trial court adopted the recommendation of the magistrate judge and denied the petition because it was barred by the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA").  (#8-2)

Mr. Saenz filed a pro se petition for a writ of habeas corpus (docket entry #1) in this Court under 28 U.S.C. § 2241 claiming: (1) that he was denied his sixth amendment right to a speedy trial; (2) that the trial court lacked jurisdiction because the indictment and amended indictment were "fatally defective" (#2 at pp. 10-14); (3) that his house was illegally searched in violation of the Fourth Amendment (#2 at pp. 14-15); (4) that he was sentenced "for a statutory crime different from that which the jury found him guilty," in violation of the holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *United States v. Booker*, 543 U.S. 220 (2005), and *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151 (2013) (#2 at pp. 16-17) in that his prior drug conviction was not submitted to the jury but rather was used by the trial court to increase his sentence;[1] and (5) ineffective assistance of counsel on several grounds (#2 at pp. 18-25).

---

[1]In *Alleyne v. United States*, 570 U.S. —, 133 S.Ct. 2151 (2013), the Supreme Court held that a fact that increases a defendant's mandatory minimum sentence is an element of the crime that must be submitted to a jury.  See 133 S.Ct. at 2155.  However, the Court in *Alleyne* left intact the rule that enhancements based on the fact of a prior conviction are an exception to the general rule that facts increasing the prescribed range of penalties must be presented to a jury.  See *id*. at 2160 n. 1; see also *United States v. Abrahamson*, 731 F.3d 751 (8th Cir. 2013) cert. denied, 134 S. Ct. 1565, 188 L. Ed. 2d 576 (U.S. 2014) reh'g denied, 134 S. Ct. 2332 (U.S. 2014).

Warden Rivera has responded to the petition.  He contends that the Court lacks jurisdiction to hear Mr. Saenz's petition because it is a challenge to the validity of his conviction, a challenge that must be brought in a motion to the sentencing court under 28 U.S.C. § 2255.  The Court agrees, and for the reasons set forth below, the petition must be dismissed for lack of jurisdiction.

## II.    Jurisdiction

Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct their sentence, under 28 U.S.C. § 2255.  *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010)(citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147, 125 S.Ct. 2984 (2005)).  A claim that a sentence exceeded the maximum allowed under law is properly brought under § 2255.  28 U.S.C. § 2255(a).

A habeas corpus petition under 28 U.S.C. § 2241, on the other hand, attacks the execution of a sentence, or the manner in which the sentence is being carried out, and it is within the subject-matter jurisdiction of the court presiding in the judicial district where the prisoner is being held.  *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002).

A court cannot entertain a petition for habeas corpus under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the</u>

remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his

detention." 28 U.S.C. § 2255(e)(emphasis added)

A petitioner who wishes to be excepted from the requirement of filing with the

sentencing court under § 2255 must demonstrate that seeking relief from the sentencing

court would be inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*,

392 F.3d at 959). But this exception is a "narrowly circumscribed safety valve." *United*

*States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002),

cert. denied, 537 U.S. 869, 123 S.Ct. 275 (2002). The fact that an individual is barred

from filing a § 2255 motion for procedural reasons does not render the remedy inadequate

or ineffective so as to permit a petitioner to file under § 2241. *Lopez-Lopez*, 590 F.3d at

907. The § 2255 remedy is not inadequate or ineffective because the claim was

previously raised in a § 2255 motion but rejected because the petitioner was denied leave

to file a second or successive § 2255 petition, or because a § 2255 petition was

time-barred. *Id.*

Here, Mr. Saenz admits that he filed a motion with the trial court under 28 U.S.C.

§ 2255, which was denied because it was barred by the applicable statute of limitations.

(#2 at p. 26) Mr. Saenz argues, however, that the savings clause applies here because the

trial court denied his motion without addressing the merits of his claims. (#1 at p. 8, #2 at

p. 26-27) As set forth above, however, a remedy is not deemed inadequate simply

because a § 2255 petition was dismissed as time-barred. *Lopez-Lopez*, 590 F.3d at 907.

In this petition, Mr. Saenz clearly challenges his sentence.  His direct appeal was unsuccessful; the sentencing court denied his first § 2255 motion; and he has not demonstrated that the § 2255 remedy is inadequate or ineffective so as to qualify for the statute's savings clause.

## III.    Conclusion

Because the court lacks subject matter jurisdiction over Mr. Saenz's 28 U.S.C. § 2241 petition for writ of habeas corpus, the petition (#1) is DISMISSED, without prejudice.

DATED this 30th day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE